**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

   Plaintiff/Respondent,

              Case Number: 06-20302

v.

              HON. MARIANNE O. BATTANI

RODIA HEARD,

   Defendant/Petitioner.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR TRANSFER
ORDER AND MOTION FOR APPOINTMENT OF COUNSEL**

This matter is before the Court on Petitioner's Motion for Transfer Order (Doc. No. 111) and Motion for Appointment of Counsel (Doc. No. 112). For the reasons that follow, the Court **DENIES** Petitioner's motions.

On September 17, 2010, Rodia Heard filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody and a Memorandum in Support of 28 U.S.C. § 2241 in the Northern District of Texas, Fort Worth Division. The district court concluded, based on the claim raised in the petition, that the matters implicated 28 U.S.C. § 2255 and, therefore, the petition had to be transferred here, to the sentencing court. See Doc. No. 16. Heard was notified of the court's intention to construe her petition as a motion under § 2255, but failed to withdraw the petition. Accordingly, that motion was transferred to this Court on November 12, 2010.

Heard disagrees with the characterization, however, it is clear that her petition challenges her conviction rather than the conditions of her confinement. See Lee v. Rios,

No. 08-5330, 2010 WL22328 (6th Cir. Jan. 6, 2010) (noting that a petition brought under 28 U.S.C. § 2241, challenges the execution of sentence or the manner in which the sentence is being served). Therefore, the matter cannot be returned to the Northern District of Texas and the Motion for Transfer is **DENIED**.

Heard admits that her appeal is pending before the United States Court of Appeals for the Sixth Circuit, and is aware of the problem that fact presents. In Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998), the Sixth Circuit held that "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." Extraordinary circumstances have not been raised. Accordingly, the Court **DISMISSES** without prejudice Heard's petition. See Rule 4 of the Rules Governing Section 2254 Proceedings in the District Courts. Although a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004), this petition challenges Heard's federal conviction, and can proceed only under § 2255. Therefore, the Court certifies that an appeal from this decision could not be taken in good faith.

Further the Court **DENIES** Heard's request for appointment of counsel to prepare a motion for a reduction in sentence based on her blindness. Her pleadings demonstrate that she is able to advance her position adequately.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2010

## CERTIFICATE OF SERVICE

 Copies of this Order were served upon petitioner and counsel of record on this date by ordinary mail and/or electronic filing.

             s/Bernadette M. Thebolt
             Case Manager